MITCHELL v. FRANK et al.

(Supreme Court, Appellate Term, First Department. June 17, 1913.)

COURTS (§ 188*)—CITY COURT—EQUITABLE JURISDICTION.

　　Where there had been a complete accounting and dissolution of a co-partnership, an agreement between partners that, if a certain piece of property was thereafter sold by any or all of them, the commissions earned would be equally divided, did not create a partnership as to such sale; and hence an action by one of the former partners for a share of such commissions did not involve a partnership transaction, and was within the jurisdiction of the City Court of the City of New York.

　　[Ed. Note.—For other ·cases, see Courts, Cent. Dig. §§ 439, 440, 442, 447, 448, 451, 452, 454, 458, 464, 465, 467, 468; Dec. Dig. § 188.*]

Appeal from City Court of New York, Trial Term.

Action by Samuel Mitchell against Abraham Frank and another. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued May term, 1913, before LEHMAN, BIJUR, and WHITAKER, JJ.

Robert L. Turk, of New York City, for appellant.

Anton Gronich, of New York City, for respondent.

LEHMAN, J. Plaintiff is the assignee of one Oppenheimer, who, prior to the 1st day of May, 1911, was a copartner of the defendants. He claims that this copartnership was dissolved, and that upon the dissolution it was agreed that, if a certain piece of property was thereafter sold by either, all, or any of the partners, the commissions earned were to be divided equally among the said partners. The defendants have sold this property, and earned and received a commission, of which the plaintiff claims a share. At the close of the plaintiff's case the trial justice dismissed the complaint, on the ground that this was a partnership transaction, over which the court had no jurisdiction.

In reaching this decision the court was undoubtedly principally influenced by the fact that the plaintiff's assignor on cross-examination testified that at the dissolution the partners agreed that the partnership was to continue as to this sale of these particular premises, and that, if there were any expenses in connection with the sale, these expenses should be deducted. He testified, however, that there could be no expenses. In my opinion, if the testimony of the plaintiff, taken as a whole, is given the most favorable or in fact a reasonable inference, he has established that there was a complete accounting and dissolution of the copartnership, leaving only one matter in which there was to be thereafter a division of the net earnings obtained by any one of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the previous partners. The relations of the parties in regard to the sale of these premises was not in any strict sense a partnership. It was merely an agreement with each other that; whichever party earned and received a sum of money, he would divide this sum with the others. There is no partnership left which can be dissolved, and apparently no accounting is necessary. The defendants have agreed to pay over a certain sum of money on a contingency which has arisen, and the plaintiff has a right to bring this action in assumpsit on the promise.

Judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.